# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AUSTIN R. DAVENPORT, | : | Case No. 2:24-cv-2838 |
| | : | |
| Plaintiff, | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ANDY D. MILLER, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Franklin County Correction Center, filed a prisoner civil rights complaint in this Court.[1] (Doc. 1). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis.* This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court are Plaintiff's motions seeking *de novo* review of his state-court criminal proceedings. (*See* Doc. 9, 10).

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed

---

[1] The complaint was originally filed in the United States District Court for the District of Columbia, and was transferred to this Court on May 22, 2024. (Doc. 6).

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[2] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Allegations in the Complaint**

Plaintiff brings this action in connection with his pending criminal case in the Franklin County Court of Common Pleas, Case No. 21-CR-5077.[3] Plaintiff sues the following Defendants:

---

3 Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 21-CR-5077. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004).

Judge Andy D. Miller, Prosecutors Daniel J. Cable and George Wharton, Defense Attorneys Esra Betul Ozturk and Jeffrey M. Blosser, Detective Bradley M. Thomas, and Jeffrey M. Murphy. (Doc. 1 at PageID 4, 8; *see also* Doc. 13).

Plaintiff alleges that on June 25, 2021, he was arrested in Fairfield County, Ohio on charges of obstruction of justice and resisting arrest. According to Plaintiff, Defendant Detective Thomas "came to see me at the Fairfield County Jail with a[n] unsworn affidavit for my DNA in displayed the name of a[n] unknown judge." [sic] (*Id.* at PageID 5). On November 9, 2021, Plaintiff alleges that he was brought to Franklin County, Ohio on an unrelated charge of aggravated robbery. Plaintiff claims that in both cases the charges were supported with unsworn affidavits, there was no criminal complaint, and he had no preliminary hearing. (*Id.* at PageID 5). On December 8, 2021, Plaintiff claims he was arraigned on felony charges.

On January 18, 2022, Plaintiff alleges he was taken to the Franklin County Common Pleas Court and placed in a holding cell for three to four hours, before being informed that his case had been continued. (*Id.* at PageID 7). Plaintiff claims that the same events occurred on several occasions between April 26, 2022 and April 15, 2024.

According to Plaintiff, he was subjected to excessive bond in connection with his state-court criminal case. (*Id.* at PageID 6). Plaintiff claims that he asked his defense attorneys, Defendants Esra B. Oturk and Jeffrey M. Blosser, to file a request for a bond hearing. (*Id.* at PageID 6, 7). Plaintiff asserts that "the record simply does not support the imposition of a bail-bond amount" in his case, and that his attorneys did not effectively challenge his bond.

Based on the factual allegations in the complaint, Plaintiff claims that his constitutional rights to a speedy trial and against excessive bail were violated, in addition to several provisions of Ohio law. (*See id.* at PageID 6, 7). Plaintiff claims that his defense attorneys violated provisions

of the Ohio Code of Professional Responsibility. He also alleges a violation of Ohio Rev. Code § 2913.01, which is Ohio's Theft and Fraud criminal statute. (*Id.* at PageID 6). In his pending motions, Plaintiff also alleges violations of other Ohio statutes regarding the time for trial, delays, and defects in indictments. (*See* Doc. 10 at PageID 39-40). Plaintiff seeks immediate release from custody and monetary damages based on his imprisonment pending trial. (*Id.* at PageID 5).

### C. Analysis

For the reasons set forth below, Plaintiff's complaint should be dismissed in its entirety. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, to the extent that Plaintiff seeks release from custody or asserts violations of his speedy trial rights and/or excessive bail, the proper mechanism is a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial."); *Lucas v. Lewis*, No. 1:22-cv-741, 2023 WL 2154680, at *2 (S.D. Ohio Feb. 22, 2023) (dismissing an excessive bail claim without prejudice, noting that the claim the plaintiff "may press that claim in habeas but not through § 1983"). To the extent that Plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

5

To the extent that Plaintiff seeks monetary damages, his federal Section 1983 claims should be dismissed for failure to state a claim upon which relief may be granted, and the Court should decline to exercise its supplemental jurisdiction over his state-law claims.

Plaintiff's Section 1983 claim against Defendant Judge Andy Miller should be dismissed with prejudice because judges have absolute immunity for acts committed while acting in their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts to plausibly suggest that Defendant Miller presided over a matter in which he was without subject matter jurisdiction, or performed non-judicial acts.

Similarly, Plaintiff's Section 1983 claims against Defendant Prosecutors Cable and Wharton should be dismissed with prejudice because they are also immune from suit. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). Because Plaintiff seeks to hold the Defendant Prosecutors liable based on conduct intimately associated with the judicial phase of the criminal process, they have absolute immunity.

Plaintiff's Section 1983 claims against Defendants Ozturk and Blosser, who were his defense attorneys, should be dismissed with prejudice because they are not state actors. In order to bring suit under Section 1983, Plaintiff must allege that the defendant was acting under color of state law and that his or her conduct deprived plaintiff of a right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As lawyers representing a client, Defendants Ozturk and Blosser were not state actors within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

Finally, Plaintiff's Section 1983 claims against the remaining Defendants, Detective Bradley M. Thomas and Jeffrey M. Murphy, should be dismissed without prejudice. Plaintiff's complaint includes no factual allegations against Defendant Murphy. His only allegation against Defendant Thomas is that Thomas showed him an unsworn affidavit at the Fairfield County, Ohio Jail.[4] (*See* Doc. 1 at PageID 5). Plaintiff's "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly* and *Iqbal*.

Because the undersigned recommends dismissal of Plaintiff's federal claims, the Court should decline to exercise jurisdiction over Plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of

---

[4] In his pending motion for de novo review, Plaintiff asserts that the affidavit did not comply with various provisions of Ohio law. (*See* Doc. 10-1 at PageID 63-65). As noted below, it is recommended that the Court dismiss Plaintiff's state-law claims without prejudice.

discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well). Finally, because it is recommended that this case be dismissed, Plaintiff's pending motions for *de novo* review (Doc. 9, 10) should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** Plaintiff's federal claims against Defendants Miller, Cable, Wharton, Ozturk and Blosser **with prejudice**.

2. The Court **DISMISS** Plaintiff's federal claims against Defendants Thomas and Murphy **without prejudice**.

3. The Court **DECLINE to exercise supplemental jurisdiction** over Plaintiff's remaining state-law claims and **DISMISS** such claims **without prejudice**.

4. The Court **DENY** Plaintiff's motions for *de novo* review (Doc. 9, 10) as moot.

5. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

Date: October 7, 2024                                     */s/ Caroline H. Gentry*
                                                          Caroline H. Gentry
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to,

and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).